IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-20,480-02






EX PARTE ALBERT HERNANDEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 9409942 IN THE 228TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.



O R D E R




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3. Applicant was convicted of
aggravated robbery and punishment was assessed at confinement for twenty-five years
and a $10,000 fine. Appeal from this conviction was affirmed, Hernandez v. State, No.
01-94-1082-CR (Tex. App. - Houston [1st] delivered September 14, 1995, pet.ref'd).

 Applicant contends, inter alia, that his trial counsel was ineffective in several
respects, including failing to show Applicant had facial hair on the date of the robbery
while the robber did not, and did not attempt to show that another suspect more closely
resembled a composite drawing of the robber. The trial court has entered an order
concluding that Applicant has not alleged or proven facts showing that counsel was not
effective, but has not entered any findings of fact.

 Applicant has alleged facts which might entitle him to relief, but no affidavits have
been submitted which refute his allegations, nor has any hearing has been conducted at
which he would have an opportunity to prove his allegations. Because this Court cannot
hear evidence, it is necessary for the matter to be remanded to the trial court for resolution
of those issues. The trial court may resolve those issues as set out in Tex. Code Crim.
Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories
from Applicant's trial counsel or it may order a hearing. In the appropriate case the trial
court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following the receipt of additional information the trial court should make
findings of fact as to: whether there were differences between Applicant's appearance and
the descriptions of the robber; whether Applicant's trial counsel pointed out any such
differences to the jury or presented evidence of those discrepancies; whether other
suspects existed whose appearance was similar to the robber's description; and whether
counsel questioned witnesses to the robbery concerning any such suspects. The trial court
should also make any further findings of fact and conclusions of law which it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief,
including any strategic reasons counsel may present to explain his actions if he failed to
offer any relevant evidence.

 This application for post-conviction writ of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing any affidavits, exhibits, or transcription of the court reporter's notes
from any evidentiary hearing, along with the trial court's supplemental findings of fact
and conclusions of law, shall be returned to this Court within 120 days of the date of this
order. (2) 




DELIVERED: December 7, 2005

DO NOT PUBLISH

1. [1] In the event any continuances are granted, copies of the order granting the
continuance should be provided to this Court.
2. [2] Any extensions of this time period should be obtained from this Court.